## BEAUVAIS vs. MORGAN.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

The syndic of an insolvent cannot maintain an action after the filing and homologation of the tableau of distribution.

The defendant excepted to the plaintiff's right to sue as syndic of an insolvent, on the ground, that previous to the institution of the suit, he had filed a tableau of distribution, which had been homologated. The court sustained the exception, and the plaintiff appealed.

*Cooley,* for appellant.

By the thirtieth section of an act of 20th February, 1817, relative to the surrender of property—*Moreau's Dig. vol. 2, p.* 432—it is provided, that it shall be the duty of syndics, without any authorization from any court for that purpose, to sue and be sued as plaintiffs or defendants, in every thing which respects the rights and actions which may belong to the insolvent debtor, and which may concern the mass of creditors; and finally, they shall make a distribution of the proceeds of said property agreeably to the directions of the court. And the 35th section of the same act, prescribes the manner in which the tableau shall be made : That the syndics shall file it in the clerk's office—That notice shall be given to the creditors, to shew cause why the said statement should not be homologated, and the distribution made

agreeably to its contents.    Now we find by the 30th section cited, that it is the duty of the *syndic*, not the creditors, nor the person who may have filled the office of syndic, to make a distribution agreeably to the directions of the court—that is, according to the tableau of distribution provided for in the 30th section, and duly homologated by the court.

If, then, it is the duty of the *syndic*, to make a distribution after the homologation of the tableau, how could he discharge that duty had his functions ceased, *ipso facto*, by the homologation of the tableau ?   The distribution could not be made before the homologation ; and if he is *functus officio* by that fact, it must be made by some other than the *syndic*, upon whom the law has unequivocally imposed the duty.

As further proof that it is the duty of the syndic to make the distribution, we have the first section of an act of March 29th, 1826—*Moreau's Dig. vol. ii., p.* 437—which provides : " That if after all the creditors shall have been paid out of the property ceded as aforesaid, there remains a balance in the hands of the *syndics*, the said debtor shall be entitled to recover and receive, from the said *syndics*, the said balance."   This then is conclusive proof that the syndic can be sued, not only after the homologation of the tableau, but after the distribution among the creditors.   If he can be sued in the capacity of *syndic*, he must necessarily fill that office ; and it follows, as a *corollary*, that he can sue in the same capacity.

*Ogden*, for appellee.

The court has decided, that " the homologation of a tableau of repartition, put an end to the legal functions of syndics.—*Bernard vs. Vignaud*, 1 *Martin, N. S. p.* 10.

2. The rule of the Novissima Recopilacion, that if after a right is alleged in one capacity, and proved in another, judgment may be given according to the justice of the case, cannot apply here; because that rule presumed a waiver by

the defendant, of the principle, that the allegations and proof must correspond ; and it can scarcely be presumed in this instance, that the party making this objection would, on the trial of the cause, consent to the introduction of proof which would destroy its force.—*Rodrigruez vs. Morse*, 2 *Mart. N. S. p.* 358.

*Porter, J.*, delivered the opinion of the court.

The plaintiff sues as syndic of the estate of one Ludeling. An exception was taken, and sustained in the court of the first instance : that the syndic could not maintain this action, because, previous to its institution, he had filed a tableau of distribution, which had been homologated.

The court has so decided in two cases. The authority of the syndic was intended to cease some time ; and as the law has not expressly declared when it shall terminate, we think it should with the rendition of the tableau of distribution, and the judgment of the court approving it. Cases might, perhaps, occur, where special circumstances would require a repartition of the funds in the hands of the syndics, and where, at the same time, it would be the interest of the estate they should be continued in the administration. But it is doubtful whether the law sanctions such a proceeding, without a meeting of the creditors ; and, at all events, it is an exception to the general rule, and the syndic, who claims to act as such subsequent to the homologation of the tableau of repartition, should shew something more than his original appointment, to enable him to represent the estate. It is urged, that this opinion is inconsistent with the facts in every case ; because after the tableau is filed and approved, the syndic has to pay over the funds in his hands, to the creditors, and may be sued as such, to compel him to do so. Admitting this to be true, it does not follow, because he has incurred responsibility in his representative character, that he continues to be representative. An executor, or curator,

A syndic of an insolvent cannot maintain an action after the filing and homologation of the tableau of distribution.

I 2

Eastern District,
*March* 1831

BEAUVAIS
*vs.*
MORGAN.

may be sued after his term of office expires, though he can no longer bring suits, collect debts, and administer the estate. If a balance remains in the syndics hands, after paying all the creditors, he is personally responsible to the ceding debtor, and not as syndic or agent of the creditors.—3 *Martin,* 589. 4 *N. S.* 10.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.